JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-02752-RGK-JC | Date | June 22, 2021 |
|---|---|---|---|
| Title | *Cheng Fang et al v. Antony J. Blinken et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Transfer for Improper Venue

## I.   INTRODUCTION

On March 30, 2021, Plaintiffs, who are all EB-5 visa applicants, filed a complaint against the United States Secretary of State, Antony J. Blinken; the United States Attorney General, Merrick Garland; and the U.S. State Department (collectively, "Defendants") alleging violations of the Administrative Procedures Act ("APA").

Plaintiffs moved for a preliminary injunction to enjoin the U.S. State Department to immediately process named Plaintiffs' pending EB-5 visa applications. (*See* Pls.' Proposed Order on Mot. Preliminary Inj., ECF No. 25-2). This motion was calendared for hearing on June 14, 2021 and was taken under submission.

On June 11, 2021, Defendants moved to dismiss the complaint, raising improper venue as one of their defenses. Given the case's time constraints, and since it appeared that venue was, in fact, improper, the Court ordered Plaintiffs to show cause why venue was proper in this Court by June 18, 2021.

Upon review of the parties' responses to the order to show cause ("OSC"), the Court transfers this case to the District of Columbia for improper venue.

## II.   FACTUAL BACKGROUND

Plaintiffs allege the following:

Plaintiffs are all EB-5 visa applicants. The United States designed the EB-5 program to stimulate its economy by allowing foreign investors to apply for lawful permanent residence or an immigrant visa if the they've invested a specified amount money—usually, hundreds of thousands of dollars.

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02752-RGK-JC | Date | June 22, 2021 |
|---|---|---|---|
| Title | *Cheng Fang et al v. Antony J. Blinken et al* | | |

As the COVID-19 pandemic spread across the world, former President Trump issued a series of Presidential Proclamations that suspended the entry of immigrants and nonimmigrants into the United States. More specifically, Proclamation 9984, suspended the entry of immigrants and nonimmigrants "who were physically present within the People's Republic of China . . . during the 14-day period preceding their entry or attempted entry into the United States. . . ." Pres. Proc. No. 9984, 85 F.R. 6709 (Jan. 31, 2020). President Biden extended these restrictions to other countries on January 25, 2021. Pres. Proc. 10143, 86 F.R. 7467 (Jan. 25, 2021).

Most importantly for our case, these Proclamations exempted, among others, lawful permanent residents of the United States; aliens who are spouses, parents, or children of U.S. citizens; and aliens whose entry would be "in the national interest." They did not, however, exempt any EB-5 applicants. As a result, many of these applicants have had their visa interviews cancelled or indefinitely delayed.

Plaintiffs now sue alleging that Defendants' interpretation of the Presidential Proclamations violates the APA.

### III.   JUDICIAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss for improper venue. Once the defendant has challenged the propriety of venue in a given court, the plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). When considering a motion to dismiss for improper venue, a court need not accept the pleadings as true and may consider facts outside the pleadings. *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004). Under 28 U.S.C. § 1406(a), if a court determines that venue is improper, the court must either dismiss the action or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought. Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

### IV.   DISCUSSION

#### A.   Venue Is Improper

Plaintiffs originally alleged that venue was proper under 28 U.S.C. § 1391(e) because "*Defendants* reside in this jurisdiction and no real property is involved in the action." (Compl. ¶ 40, ECF No. 1) (emphasis added). But they have reversed course and now argue that venue was based on the fact that "*Plaintiff Fang* maintains a residence in this District and no real property is involved." (Pls.' Reply to

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02752-RGK-JC | Date | June 22, 2021 |
|---|---|---|---|
| Title | *Cheng Fang et al v. Antony J. Blinken et al* | | |

OSC at 2, ECF No. 43) (emphasis added). Either way, Plaintiffs have failed to allege or show that venue is proper in this district.[1]

28 U.S.C. § 1391(e) governs actions where a defendant is an "officer or employee of the United States." In these situations, a civil action may be brought in any judicial district in which:

(A) a defendant in the action resides,

(B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(A)–(C).

None of these provisions apply in this case. First, no Defendants reside in the Central District of California—the United States Secretary of State and the United States Attorney General reside in Washington D.C.[2] *Tsi Akim Maidu of Taylorsville Rancheria v. U.S. Dep't of Interior*, No. 16-cv-07189-LB, 2017 WL 2289203, at *2 (N.D. Cal. May 25, 2017) (citing *Williams v. United States*, No. 01-CV-0024-EDL, 2001 WL 1352885, at *1 (N.D. Cal. Oct. 23, 2001)); *see also Reuben H. Donnelly Corp. v. F.T.C.*, 580 F.2d 264, 267 (7th Cir. 1978). Second, Plaintiffs have identified no events or omissions that occurred in this district. Lastly, Plaintiffs have not shown that any of them reside here. In their reply to the OSC, Plaintiffs coyly argue that a single Plaintiff, Cheng Fang, "maintains a residence in this district" and cite Exhibit 24 of their Complaint. (Pls.' Reply to OSC at 2). But they do not assert that Fang actually resides here. Nor could they. Fang admits in his affidavit that he "currently live[s] in Hangzhou, People's Republic of China." (Fang Aff. at 25, ECF No. 1-24).[3] In fact, among all Plaintiffs' affidavits, only two maintain that they live in the United States, and neither of them live in California. (*See* Xia Aff. at 9, ECF

---

[1] Because venue is improper for every Plaintiff, the Court need not address Plaintiffs' contention that venue must only be proper for one plaintiff or for all plaintiffs.

[2] Plaintiffs admit that the other defendant, the U.S. Department of State, is a federal agency headquartered in Washington D.C. (Compl. ¶ 40).

[3] Plaintiffs attached each individual Plaintiffs' affidavit in one document. (*See* ECF No. 24-1). Thus, the pincite to Fang's Affidavit, and all other references to Plaintiffs' affidavits, references the specific page within the entire document.

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02752-RGK-JC | Date | June 22, 2021 |
|---|---|---|---|
| Title | *Cheng Fang et al v. Antony J. Blinken et al* | | |

No. 24-1) ("I currently live in Chicago, Illinois."); (Huang Aff. at 13) ("I currently live in New York, New York.").

In sum, Plaintiffs have not alleged or shown that venue is appropriate in this district. Thus, the Central District of California is an improper venue for this case.

    **B.**    **The Interests of Justice Require Transferring the Action**

Because venue is improper, the Court must now decide whether to dismiss the case or whether to transfer the case in the interests of justice. 28 U.S.C. § 1406(a).

But before making that decision, the Court first addresses Plaintiff's argument that the factors delineated in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) require the Court to conclude that venue is still proper here. In *Jones*, the Ninth Circuit laid out factors for courts to consider when deciding whether to transfer a case: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Id.* Plaintiffs also contend that courts should give significant weight to the third factor—a plaintiff's choice of forum in this analysis. (*See* Pls.' Reply to OSC at 4). But Plaintiffs cannot rely on *Jones*. Those factors only apply to transfers based on 28 U.S.C. § 1404, where venue was proper, not § 1406—where venue is improper. 211 F.3d at 498–99. Thus, these factors do not apply.

Still, given the case's posture and time pressures, and that Defendants have consented to transfer, (*see* Defs.' Response to OSC at 6, ECF No. 44), transfer—rather than dismissal, which would restart the clock in the case—would be in the interests of justice.

The Court therefore transfers this case to a district in which it may have originally been brought—the District of Columbia.[4] The Court does not address the merits of the pending motion to dismiss under Federal Rule 12(b)(6) or the motion for preliminary injunction and leaves those decisions to the transferee court.

---

[4]    Venue would be proper in the District of Columbia because that is where Defendants reside. 28 U.S.C. § 1391(e)(A).

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02752-RGK-JC | Date | June 22, 2021 |
|---|---|---|---|
| Title | *Cheng Fang et al v. Antony J. Blinken et al* | | |

**V.       CONCLUSION**

For all these reasons, the Court transfers this case to the District of Columbia for improper venue.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre |